HEALTHGUARD SERVICES, INC.

*v.*

DEPARTMENT OF REVENUE

(TC 3779)

Arden J. Olson, Harrang Long Gary Rudnick, Eugene, represented plaintiff (Healthguard).

Marilyn J. Harbur, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision for defendant rendered December 8, 1995.

**CARL N. BYERS, Judge.**

This matter is before the court on cross motions for partial summary judgment. The parties seek a determination as to whether Healthguard Services, Inc. (Healthguard) is exempt from corporate excise taxes. There is no dispute of material fact, and the court has considered the parties' written memorandums and oral arguments.

FACTS

Prior to 1983, Lane Group Health Care Services, Inc. (Lane), an Oregon nonprofit corporation, operated as a health maintenance organization (HMO) under the assumed business name of SelectCare. Lane incurred operating losses which indebted it to a Washington nonprofit corporation and made it unable to comply with Oregon insurance surplus requirements. In a rescue operation, the Washington Corporation organized Healthguard to acquire the assets and liabilities of Lane. Healthguard, an Oregon nonprofit corporation, acquired the assets and liabilities of Lane in July 1983 and has since operated as a federally qualified HMO under the assumed business name of SelectCare.

Healthguard did not file Oregon corporate excise tax returns for its fiscal years ending June 30, 1984, through June 30, 1987, believing it was exempt under ORS 317.080(6). In August 1991, the Department of Revenue (department) demanded that Healthguard file returns for the years in question. Healthguard filed the returns, but in doing so claimed it was: (1) exempt and (2) entitled to a net operating loss carryover from Lane. The department audited the returns and assessed taxes, penalties and interest. Healthguard appealed to the department and, when its claims were denied, appealed to this court.

## ISSUE

The issue presented by the cross motions for partial summary judgment is whether Healthguard is exempt from corporate excise taxes under ORS 317.080(6).[1]

## ANALYSIS

During all of the tax years at issue, ORS 317.080(6) exempted:

"Civic leagues or organizations not organized for profit but operated exclusively for the promotion of social welfare, or local associations of employes, the membership of which is limited to the employes of a designated person or persons in a particular municipality, and the net earnings of which are devoted exclusively to charitable, educational, or recreational purposes, and no part of the net earnings of which inures to the benefit of any private stockholder or individual."

The focus of the dispute between the parties is the relationship between ORS 317.080(6) and section 501(c)(4)[2] of the federal Internal Revenue Code (IRC). The two laws are identical except for the last clause of ORS 317.080(6) which reads: "and no part of the net earnings of which enures to the benefit of any private stockholder or individual."

Healthguard contends that 1983 amendments to ORS chapter 317 made Oregon law, at least as it pertains to Healthguard, identical to federal law for purposes of exemption. In 1983, the Oregon legislature made several changes to ORS chapter 317. In ORS 317.013(1), it provided:

"Those portions of chapter 1, Subtitle A, Internal Revenue Code, pertaining to corporate taxpayers, are adopted by reference as a part of this chapter. Those portions of the Internal Revenue Code have full force and effect under this chapter unless modified by other provisions of this chapter."

---

[1] All references to the Oregon Revised Statutes are to the 1983 Replacement Part.

[2] All references are to the Internal Revenue Code of 1983.

Inasmuch as IRC section 501(c)(4) is part of chapter 1, Subtitle A of the Internal Revenue Code, it was adopted by the legislature "unless modified by other provisions of this chapter." ORS 317.013(1).

In ORS 317.018(1), the legislature expressed its intent:

"To make the Oregon corporate excise and income tax law, insofar as it relates to the measurement of taxable income, identical to the provisions of the federal Internal Revenue Code * * *."

Healthguard contends that these changes made Oregon's exemption law the same as federal exemption law. Healthguard argues that because it is exempt under federal law, it is now exempt under state law. The court disagrees.

■ Although the language of ORS 317.013(1) is broad, the expressed intent of the legislature is not. The legislative intent was to make the Oregon and federal "measurement of taxable income" identical. There is no indication the legislature intended to extend that policy to exemptions. Because the profile of ORS 317.080 is so prominent in chapter 317, if the legislature had intended to repeal or amend the statute, it would have expressly done so. ORS 317.080 was not one of the provisions the legislature amended or changed. Further, ORS 317.018(2) states that the legislature intends to adopt federal definitions pertaining to various aspects of corporate accounting and determinations of gross income. There is no mention in that statute of adopting federal definitions for exemptions. The court concludes that if the legislature intended to affect Oregon's law relating to exemptions, it would have amended ORS 317.080, as it did in 1987. *See* Or Laws 1987, ch 293, § 36.

The court recognizes that ORS 317.080(6) is identical to IRC section 501(c)(4) except as to the last clause. However, that clause does not affect Healthguard because, as Healthguard correctly points out, the clause modifies only "local associations of employes." It does not apply to civic leagues or nonprofit organizations "operated exclusively for promotion of social welfare." *Ore. Physicians' Serv. v. State Tax Com.*, 220 Or 487, 494, 349 P2d 831

(1960).[3] Healthguard contends that because the relevant language of ORS 317.080(6) is identical to IRC section 501(c)(4), Oregon is bound by federal determinations of exemption.

■ Even though a state statute may have identical wording to a federal statute, it is the Oregon legislative intent that controls. Although the Oregon legislature has expressed its intent to make the state and federal measurements of taxable income identical, it has not expressed an intent to make the federal and state exemptions identical. By leaving ORS 317.080 intact when it amended and repealed other provisions in chapter 317, the legislature indicated an intent to maintain an independent position with regard to exemptions. Therefore, state law governs the interpretation of ORS 317.080(6).

■ The controlling state case interpreting ORS 317.080(6) is the Oregon Supreme Court's decision in *Oregon Physicians' Service*. Oregon Physicians' Service was created in 1941 by the medical profession to provide insurance and services to its members. At the time of the hearing, its membership consisted of 1,300 physicians and 130,000 laymen. Oregon Physicians' Service sought an exemption under ORS 317.080(6). In denying the exemption, the Oregon Supreme Court stated:

> "If the 'dominant and controlling' motive of the taxpayer is 'primarily to benefit the taxpayer's membership economically, and only incidentally to further larger public welfare,' then the exemption must be denied. A rule of thumb capable of serving the purposes of ORS 317.080(6) in cases of this kind would very likely envision that in order for the activities of a taxpayer to entitle him to exemption as 'social welfare' work they must be calculated to benefit some other group than the one which supplies the money and directs its disposition. The group benefited may be large or small, definite or indefinite in number, but in the benefaction some motive of altruism must clearly shine forth.

---

[3] However, the Supreme Court pointed out that "an organization operated exclusively for promotion of social welfare could not have any part of its net earnings enuring to the benefit of any private stockholder or individual." *Id.* at 495.

"That is not the case here. Oregon Physicians' Service is a medical insurance company, and its members can have no motive beyond insuring themselves against the expenses of illness. Commendable as that may be, it is a self-regarding purpose. The company is carried on for no other reason." *Id.* at 506-07.

The court is sympathetic with Healthguard's position. In holding that the Oregon Physicians' Service did not qualify as an organization operating exclusively for the promotion of social welfare, the Oregon Supreme Court further stated:

"[W]e think it is equally clear that an organization of a commercial character which obviously exists only for the benefit of its members can not claim exemption from taxation even though it pays no dividends or devotes its entire profits to charity." *Id.* at 507.

The context of this statement suggests that the court applied the test for a charitable organization as opposed to an organization that promotes social welfare.

Also, there have been significant changes in governmental attitudes toward HMOs since the *Oregon Physicians' Services* decision. The impact of insurance and similar types of financial arrangements upon the health care industry has caused a reexamination of policies and tax exemptions. In *Sound Health Association v. Commissioner*, 71 TC 158, 159 (1978), the petitioner, an HMO similar to Healthguard, appealed the Internal Revenue Service's determination that it was not a charitable organization as defined in IRC section 501(c)(3). The Internal Revenue Service admitted the HMO qualified as a social welfare organization as defined in IRC section 501(c)(4). In holding that the organization was exempt from taxation, the court noted that:

"If the charitable hospital can obligate itself to treat only the financially responsible ill, the Association should be able to obligate itself to treat only the financially responsible, when and if they become ill." *Id.* at 187.

Although the court recognized that the individual members of the association obtained a substantial economic benefit, the court found that:

"[T]he potential class of members is not so limited that the community as a whole does not benefit from the Association's operations. When possible membership is so broad, benefit to the membership *is* benefit to the community." *Id.* at 189-90.

In *Geisinger Health Plan v. Commissioner*, 62 TCM (CCH) 1656 (1991), the federal court held that a nonprofit corporation organized to provide health care to subscribers for a fixed monthly fee qualified as a tax exempt charitable organization. The court noted that, over time, the standard changed from giving care to indigent patients to determining whether the purpose was to ensure that "adequate health care services are actually *delivered* to those in the community who need them." *Id.* at 1661. Both *Sound Health* and *Geisinger* dealt with the charitable organization exemption under IRC section 501(c)(3),which imposes a more demanding test than the exemption under IRC section 501(c)(4).

Despite the changes that have occurred over the years since the Oregon Supreme Court's decision in *Oregon Physicians' Services*, this court is bound by that case. As far as can be determined from the record before the court, Healthguard falls squarely within *Oregon Physicians' Services*. Both Healthguard and Oregon Physicians' Service are nonprofit corporations operating as HMOs to provide health insurance to their subscribers. The statute in question, ORS 317.080(6), was exactly the same in 1960 when construed by the Oregon Supreme Court as it was during the years in question. Consequently, the court must deny plaintiff's Motion for Partial Summary Judgment and grant defendant's Motion for Partial Summary Judgment.

IT IS ORDERED that department's Motion for Partial Summary Judgment is granted and,

IT IS FURTHER ORDERED that Lane's Motion for Partial Summary Judgment is denied.